Filed 4/8/14  P. v. Evans CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059530 |
| v. | (Super.Ct.No. RIF126497) |
| COURAGE BALLANT EVANS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge.

Affirmed.

Jennifer A. Gambale, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Courage Ballant Evans appeals from an order denying his petition for recall of his indeterminate life term under Penal Code section 1170.126, subdivision (f).[1]  We will affirm the order.

I

BACKGROUND

In 2006, defendant was convicted by a jury of six counts of burglary (§ 459; counts 1-6) and two related counts of petty theft with a prior (§ 666; counts 7-8).  In a bifurcated proceeding, the trial court found true that defendant had suffered two prior prison terms within the meaning of section 667.5, subdivision (b), and five prior strike convictions within the meaning of sections 667, subdivisions (c) and (e)(2)(A), and 1170.12, subdivision (c)(2)(A).  Defendant's prior strike convictions all occurred in 1994, and included two counts of kidnapping (§ 207); one count of attempted second degree murder (§§ 664/187); and two counts of carjacking (§ 215, subd. (a)).  As a result of the jury's verdict and the prior offenses, on August 18, 2006, defendant was sentenced to a total indeterminate term of 27 years to life in state prison.

On November 6, 2012, the electorate passed Proposition 36, also known as the Three Strikes Reform Act (the Reform Act).  Among other things, this ballot measure enacted section 1170.126, which permits persons currently serving an indeterminate life term under the "Three Strikes" law to file a petition in the sentencing court, seeking to be resentenced to a determinate term as a second striker.  (§ 1170.126, subd. (f).)  If

_____

[1]  All future statutory references are to the Penal Code unless otherwise stated.

the trial court determines, in its discretion, that the defendant meets the criteria of section 1170.126, subdivision (e), the court may resentence the defendant. (§ 1170.126, subds. (f), (g).)

Section 1170.126, subdivision (e), provides, as pertinent here, that a defendant is eligible for resentencing if he or she is serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of section 667 or subdivision (c) of section 1170.12 "for a conviction of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of [s]ection 667.5 or subdivision (c) of [s]ection 1192.7." (§ 1170.126, subd. (e)(1).)

On November 13, 2012, defendant filed a petition for resentencing under section 1170.126. The trial court denied the petition on January 25, 2013, finding defendant ineligible for resentencing under section 1170.126 due to his prior conviction for attempted second degree murder.

Defendant filed a notice of appeal on June 24, 2013.[2] On September 4, 2013, this court deemed the notice of appeal timely filed.

---

[2] We note that the California Supreme Court has granted review in cases that have found that the trial court's order on a postjudgment petition pursuant to section 1170.126 is a nonappealable order (see, e.g., *Teal v. Superior Court* (2013) 217 Cal.App.4th 308, review granted July 31, 2013, S211708; *People v. Hurtado* (2013) 216 Cal.App.4th 941, review granted July 31, 2013, S212017, briefing deferred pursuant to rule 8.512(d)(2), Cal. Rules of Court). We also note that recently the Supreme Court granted review in a case where the appellate court found the petition to be appealable. (See, e.g., *People v. Leggett* (2013) 219 Cal.App.4th 846, 854, review granted Dec. 18, 2013, S214264.) Even if we were to conclude it was a nonappealable order, we could consider, in the interest of judicial economy and because of uncertainty in the law, that defendant's appeal is a petition for writ of habeas corpus or petition for writ of mandate. (See *People*

*[footnote continued on next page]*

3

II

DISCUSSION

We appointed counsel to represent defendant on appeal. After examination of the record, counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court conduct an independent review of the record. The only conceivable appellate issue in an appeal from a denial of a petition pursuant to section 1170.126 is the applicability of section 1170.126 to defendant.

Proposition 36 also added section 1170.126, which applies exclusively to those "persons presently serving an indeterminate term of imprisonment pursuant to paragraph (2) of subdivision (e) of [s]ection 667 or paragraph (2) of subdivision (c) of [s]ection 1170.12, whose sentence under this act would not have been an indeterminate life sentence." (§ 1170.126, subd. (a).) Section 1170.126 sets forth a procedure through which certain prisoners can petition the court for resentencing. Such a person may file a petition to recall his or her sentence and be sentenced as a second strike offender. (§ 1170.126, subd. (b).) An inmate is eligible for such resentencing if none of his or her commitment offenses constitute serious or violent felonies *and* none of the enumerated

*[footnote continued from previous page]*
v. *Segura* (2008) 44 Cal.4th 921, 928 fn. 4 [treating appeal from nonappealable order as petition for writ of habeas corpus]; *Drum v. Superior Court* (2006) 139 Cal.App.4th 845, 853 [Fourth Dist., Div. Two] [treating appeal as petition for writ of mandate due to uncertainty in the law].)

factors disqualifying a defendant for resentencing under Proposition 36 apply. (§ 1170.126, subd. (e).)

Section 1170.126, subdivision (e)(3), provides that an inmate is eligible for resentencing if "[t]he inmate has no prior convictions for any of the offenses appearing in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of [s]ection 667 or clause (iv) of subparagraph (C) of paragraph (2) of subdivision (c) of [s]ection 1170.12." Defendant here has a prior conviction for attempted second degree murder, which is an offense listed in sections 667, subdivision (e)(C)(iv)(IV), and 1170.12, subdivision (c)(C)(iv)(IV). Defendant pled guilty to the attempted murder offense, as well as the two counts of carjacking and two counts of kidnapping, in 1994. Defendant was therefore ineligible for resentencing under section 1170.126.

We offered defendant an opportunity to file a personal supplemental brief, and he has done so. Defendant raises issues relating to his 1994 plea of guilty to the attempted second degree murder, carjacking, and kidnapping charges. He claims that the plea was not entered into knowingly or voluntarily and that he was pressured into pleading guilty by his then attorney. Defendant's arguments do not pertain to the petition to recall his sentence under section 1170.126, and thus are not within the scope of an appeal from the ruling on that petition. Thus, defendant's claims are not an arguable issue on appeal.[3]

---

[3] Defendant had previously filed an appeal in case No. E041256 following his 2006 conviction and sentence, and failed to raise any issues relating to his 1994 plea. (See *People v. Evans* (March 13, 2008, E041256) [nonpub. opn.].)

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

III

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:


McKINSTER
J.


KING
J.

6